## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JENNIFER NEWELL,

           Plaintiff,                    Case No. 19-CV-12087

v.                                 Hon. Thomas L. Ludington
                                 Magistrate Judge Patricia T. Morris

NORTHWOOD UNIVERSITY,

           Defendant.

| The Mastromarco Firm | Marlo J. Roebuck (P65640) |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | Daniel C. Waslawski (P78037) |
| Attorneys for Plaintiff | Jackson Lewis P.C. |
| 1024 N. Michigan Avenue | Attorneys for Defendant |
| Saginaw, MI 48602 | 2000 Town Center, Ste. 1650 |
| (989) 752-1414 | Southfield, MI 48075 |
| vmastromar@aol.com | (248) 936-1900 (ofc) |
| | (248) 936-1901 (fax) |
| | Marlo.roebuck@jacksonlewis.com |
| | Daniel.Waslawski@jacksonlewis.com |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND RESPONSE TO, AND CONDITIONAL RELIANCE ON, JURY DEMAND

    Defendant Northwood University (hereinafter "Defendant"), by and through its attorneys, submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint.

## COMMON ALLEGATIONS

1.      That Plaintiff is a resident of the County of Midland, State of Michigan and is otherwise domiciled in the State of Michigan.

**ANSWER: Defendant neither admits nor denies the allegations in paragraph 1 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

2.      That Defendant is a domestic nonprofit corporation located in the County of Midland, State of Michigan and is otherwise domiciled in the State of Michigan.

**ANSWER:  Defendant admits the allegations in paragraph 2.**

3.      That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs, interest and attorney fees.

**ANSWER: Defendant admits only that Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney fees.  In further response, Defendant denies any allegation or inference that it is liable to Plaintiff for any legally cognizable damages in any amount whatsoever or that Plaintiff is entitled to any relief as a matter of fact and law.**

4.      That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 29 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs state law claims pursuant to 29 U.S.C. § 1367.

**ANSWER: Defendant admits only that Plaintiff has pled jurisdiction pursuant to the aforementioned statutes, but leaves Plaintiff to her proofs.**

5.      That Plaintiff is an African-American female.

**ANSWER: Upon information and belief, Defendant admits the allegation in Paragraph 5.**

6.      That on or about March 13, 2000, Defendant hired Plaintiff to work as an admissions representative.

**ANSWER: Defendant admits that on March 13, 2000, it hired Plaintiff to work as an admissions counselor.  Defendant denies any allegations inconsistent with the foregoing.**

7.      That over the next several years, Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner.

**ANSWER: Defendant denies that Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner during all years of her employment.**

8.      That Plaintiff routinely received merit increases to her salary, which were based on performance.

**ANSWER:   Defendant neither admits nor denies the unduly vague and generalized allegations in paragraph 8 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.  Responding further, Defendant admits only that Plaintiff, at various times during her employment, received merit increases to her salary based on her performance.**

9.      That in point of fact, effective January 1, 2016, Plaintiff received a 2.0 percent merit increase.

3

**ANSWER: Defendant admits only that Plaintiff received a 2.0 percent merit increase effective January 1, 2016.  Defendant neither admits nor denies whether said increase serves as a "point of fact" supporting the unduly vague and generalized allegations in the previous paragraph in Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

10.    That on or about September 12, 2016, Heidi Schall became Plaintiff's supervisor.

**ANSWER:  Defendant admits the allegations in paragraph 10.**

11.    That on or about December 5, 2016, Ms. Schall evaluated Plaintiff's performance as "[c]onsistently meets and often exceeds performance standards."

**ANSWER:  Defendant admits the allegations in paragraph 11.**

12.    That effective January 1, 2017, Plaintiff received a 2.75 percent merit increase.

**ANSWER: Defendant admits the allegations in paragraph 12.**

13.    That on or about April 29, 2017, Plaintiff was involved in a motor vehicle accident, in which Plaintiff was rear-ended and suffered significant injuries.

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 13 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

4

14.     That during said accident, Plaintiff lost consciousness for an indeterminate amount of time.

**ANSWER: Defendant neither admits nor denies the allegations in paragraph 14 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

15.     That as a result of the motor vehicle accident, Plaintiff suffered a mild traumatic brain injury with frequent headaches, vision problems, nausea, bouts of vomiting, and stuttering.

**ANSWER: Defendant neither admits nor denies the allegations in paragraph 15 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

16.     That as a result of said injuries, Plaintiff took a leave of absence pursuant to the Family and Medical Leave Act.

**ANSWER: Defendant neither admits nor denies the allegations in paragraph 16 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs. Responding further, Defendant avers that Plaintiff took approved leave under the Family and Medical Leave Act ("FMLA") during her employment.**

17.     That while on leave and on or about July 1, 2017, Defendant began retaliating and discriminating against Plaintiff by relocating Plaintiff's office from her home office to Defendant's Michigan campus, specifically the Doan Building.

**ANSWER:  Defendant admits only that Plaintiff's office was moved from a remote home office to the Doan Building on Defendant's Midland campus in July 2017 for legitimate, non-discriminatory and non-retaliatory business**

reasons.  **Defendant denies that it began "retaliating and discriminating against Plaintiff" or that it ever unlawfully retaliated or discriminated against Plaintiff.**

18.     That on or about August 21, 2017, Plaintiff returned to work on a reduced schedule.

**ANSWER:  Defendant admits the allegations in paragraph 18.**

19.     That on or about September 13, 2017, Plaintiff met with various management level officials, including Mrs. Schall, to discuss Plaintiff's options moving forward.

**ANSWER:  Defendant neither admits nor denies the unduly vague allegations regarding Plaintiff's alleged meeting with "various management level officials" because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs. Responding further, Defendant admits that Plaintiff met with Rhonda Anderson, Heidi Schall, Lori Isenhart, and Linda Frazier on September 13, 2017 to discuss Plaintiff's work schedule and review her options moving forward in light of her reduced work schedule.**

20.     That Defendant provided Plaintiff with two options: (1) moving to a part-time position in Academics as a Front Desk Manager, which would become full-time when restrictions were lifted; or (2) apply for long-term disability with Aetna.

**ANSWER:  Defendant admits that its employees and Plaintiff discussed the options identified in paragraph 20 of Plaintiff's Complaint at a meeting on September 13, 2017.  To the extent that Plaintiff alleges that her allegations summarize all aspects of the options discussed at the meeting on September 13, 2017, Defendant denies the allegations as untrue.**

21.    That Plaintiff refused to select either option.

**ANSWER:  Defendant admits the allegations in paragraph 21.**

22.    That on or about September 14, 2017, Plaintiff provided Defendant with a return to work notice.

**ANSWER:  Defendant admits that Plaintiff provided a full-duty return to work notice to Defendant on September 14, 2017.  Defendant denies any allegations inconsistent with the foregoing.**

23.    That on or about September 18, 2017, Plaintiff returned to work in her full-time admissions representative position.

**ANSWER: Defendant admits the allegations in paragraph 23.**

24.    That on or about September 22, 2017, Pamela Christie, Human Resources Director, sent Plaintiff a letter regarding her 2017-2018 appointment letter.

**ANSWER:  Defendant admits the allegations in paragraph 24.**

25.    That said letter discussed the September 13, 2017 meeting, the options presented, and Plaintiff's return to work.

**ANSWER:  Defendant admits the allegations in paragraph 25.**

26.    That the letter continued to threaten Plaintiff's employment, specifically referencing her FMLA leave, stating, "Please remember that since Family Medical Leave and the additional leave time have been exhausted, any deficiencies in performance will be open for performance review.

**ANSWER:**  **Defendant denies the allegations in paragraph 26. Responding further, Defendant avers that to the extent that the alleged letter references the letter that Pamela Christie sent to Plaintiff on September 22, 2017, the letter is the best evidence of its contents.**

27.    That following Plaintiff's return to work, Defendant continued efforts to retaliate and discriminate against Plaintiff, attacking her performance, which up until her FMLA leave had been viewed as above average.

**ANSWER:  Defendant denies the allegations in paragraph 27.**

28.    That Defendant specifically began creating a paper trial [sic] of vague performance issues to make it appear falsely that Plaintiff was having performance issues.

**ANSWER:  Defendant denies the allegations in paragraph 28.**

29.    That on or about November 22, 2017, Plaintiff underwent an independent medical examination, which specifically found that Plaintiff could "continue to perform her normal and unrestricted work activities."

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 29 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

30.     That on or about November 27, 2017, Ms. Schall provided Plaintiff with her performance evaluation, which rated Plaintiff as "[s]ometimes meets performance standards."

**ANSWER:  Defendant admits the allegations in paragraph 30.**

31.     That following said rating, Defendant continued to place Plaintiff on retaliatory and discriminatory performance improvement plans.

**ANSWER:  Defendant denies the allegations in paragraph 31.**

32.     That effective January 1, 2018, Defendant gave Plaintiff a 0.50 percent merit increase.

**ANSWER:  Defendant admits the allegations in paragraph 32.**

33.     That on or about March 16, 2018, Defendant continued to create a paper trail by issuing to Plaintiff a verbal warning.

**ANSWER:  Defendant denies the allegations in paragraph 33 in the manner and form stated.  Responding further, Defendant avers that it issued an "Employee Discipline Form" to Plaintiff on or about March 16, 2018 for legitimate business reasons including Plaintiff's mismanagement of her schedule, failure to develop business relationships, and mismanagement of her calendar as set forth in greater detail in the Employee Discipline Form.**

34.     That said verbal warning was allegedly issued due to Plaintiff not scheduling enough presentations per week and not booking her calendar sufficiently in advance.

**ANSWER: Defendant denies the allegations in paragraph 34 in the manner and form stated.  Responding further, Defendant avers that it issued an "Employee Discipline Form" to Plaintiff on or about March 16, 2018 because of Plaintiff's mismanagement of her schedule, failure to develop business relationships, and mismanagement of her calendar as set forth in greater detail in the Employee Discipline Form.  Defendant denies any allegations inconsistent with the foregoing.**

35.     That throughout the months of 2018, Defendant continued to place Plaintiff on retaliatory and discriminatory improvement plans.

**ANSWER:  Defendant denies the allegations in paragraph 35.**

36.     That on or about October 4, 2018, Defendant again issued Plaintiff discipline for allegedly not doing enough to ensure two students had sufficient ability to pay tuition.

**ANSWER:  Defendant denies the allegation in paragraph 36 in the manner and form stated.  Responding further, Defendant avers that it issued an Employee Discipline Form to Plaintiff on October 8, 2018 because, among other things, Plaintiff failed to use emergency contact numbers to speak with the parents of two students to define ability to pay tuition balance and payment preferences, as well as failed to meet the minimum expectations in contacting students and recording activity as set forth in greater detail in the Employee Discipline Form.**

10

37.    That on or about October 22, 2018, Ms. Schall provided Plaintiff with her performance review, evaluating Plaintiff as [s]ometimes meets performance standards."

**<u>ANSWER</u>: Defendant admits the allegations in paragraph 37.**

38.    That effective January 1, 2019 and for the first time in years, Defendant did not provide Plaintiff with a merit increase.

**<u>ANSWER</u>:  Defendant denies the unduly vague and generalized allegations in the manner and form stated.  Responding further, Defendant admits that Plaintiff did not receive a merit raise on January 1, 2019.**

39.    That on or about May 8, 2019, Melissa DeBoer, one of Plaintiff's manager [sic], met with Plaintiff and issued her a written warning for allegedly failing to attend a workshop.

**<u>ANSWER</u>:  Defendant denies the allegations in paragraph 39 in the manner and form stated.  Responding further, Defendant avers that it issued an Employee Discipline Form to Plaintiff on May 8, 2019 because, among other things, Plaintiff did not attend a workshop that she indicated she would attend; did not advise her manager that she would not be attending; and did not indicate that she was unavailable to attend the workshop as set forth in greater detail in the Employee Discipline Form.**

40.    That while Ms. DeBoer issued the discipline to Plaintiff, Plaintiff became very upset by the discriminatory and retaliatory manner in which she was being treated.

**ANSWER: Defendant denies that Plaintiff was treated in a "discriminatory and retaliatory manner" and, thus, denies the allegations in paragraph 40.**

41.     That Plaintiff stopped the meeting and reported to Ms. DeBoer that she was going to be speaking with the Human Resources Department.

**ANSWER: Defendant admits the allegations in paragraph 41.**

42.     That the discipline form given to Plaintiff provided it was only a "written warning" and not a "discharge" and further stated that "[i]f there are any *further* incidents that do not meet the minimum expectations, further disciplinary action up to and including termination may occur." (emphasis added).

**ANSWER: Defendant admits only that the discipline form provided that it was a "writing warning" and a "performance plan," and that it did not state that it was a "discharge."  Defendant denies any allegations inconsistent with the foregoing and any allegations that are inconsistent with the "Employee Discipline Form."**

43.     That Plaintiff later met with Ms. Christie and complained about the disparate treatment she was being subjected to.

**ANSWER:  Defendant denies the allegations in paragraph 43.**

44.     That Plaintiff complained about the discriminatory and retaliatory treatment she was receiving.

**ANSWER:  Defendant denies the allegations in paragraph 44.**

45.     That Ms. Christie informed Plaintiff that she would look into matters and follow-up with Plaintiff.

**ANSWER:  Defendant denies the allegations in paragraph 44 and, thus, denies the related allegations in paragraph 45 as they arise out of the same alleged conversation.**

46.     That on or about June 3, 2019, Ms. Christie and Lori Isenhart, Human Resources Manager, met with Plaintiff and informed her that her last day of employment would be June 3, 2019.

**ANSWER:  Defendant admits only that Lori Isenhart met with Plaintiff and informed her, among other things, that her last day of employment was June 3, 2019.  Defendant denies that Paragraph 46 identifies all statements made at Plaintiff's meeting with Ms. Isenhart and denies that Ms. Christie attended this meeting.**

47.     That Plaintiff had not engaged in any *further* incidents that did not meet minimum expectations; however, Plaintiff did complain to Ms. Christie and sufficiently raised the spectre of discrimination and retaliation.

**ANSWER: Defendant denies the allegations in paragraph 47.**

48.     That Defendant terminated Plaintiff in retaliation for raising complaints of discrimination and/or coming forward with evidence of discrimination.

**ANSWER: Defendant denies the allegations in paragraph 48.**

13

49.     That Defendant's proffered reasons for the adverse employment action are pretextual in nature.

**ANSWER: Defendant denies the allegations in paragraph 49.**

50.     That Defendant's proffered reasons for the adverse employment action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to justify the decision.

**ANSWER: Defendant denies the allegations in paragraph 50.**

51.     That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

**ANSWER:  Defendant denies the allegations in paragraph 51.**

52.     That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

**ANSWER:  Defendant denies the allegations in paragraph 52.**

53.     That Defendant's actions constitute race discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

**ANSWER: Defendant denies the allegations in paragraph 53.**

54.    That as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, pay increases, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, employer profit-sharing programs, bonuses, employer contributions, retirement benefits, and any other compensation and fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as result of recovery.

**ANSWER:  Defendant denies the allegations in paragraph 54.**

55.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

**ANSWER:  Defendant denies the allegations in paragraph 55.**

56.    That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages, directly and proximately caused by Defendant's unlawful actions:

(a) Any wages, salary, employee benefits, or other compensation denied or
    lost to Plaintiff by reason of Defendant's violations of the FMLA;

15

(b) The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

(c) An additional amount as liquidated damages equal to the above two (2) sums;

(d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

(e) Any such equitable relief as may be appropriate.

**ANSWER:  Defendant admits only that Plaintiff "makes a claim" for various types of monetary and equitable remedies, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

57.    That Plaintiff hereby claims reasonable attorney fees pursuant to MCL

§ 37.1606

**ANSWER:  Defendant admits only that Plaintiff "claims reasonable attorney fees" pursuant the aforementioned statute, entitlement to which Defendant expressly denies.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

58.    That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2801 and MCL § 37.2802.

**ANSWER:  Defendant admits only that Plaintiff "claims the costs of litigation, including reasonable attorney fees and witness fees" pursuant to the aforementioned statutes, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

16

## <u>COUNT I – RETALIATION IN VIOLATION</u>
## <u>OF THE FAMILY & MEDICAL LEAVE ACT</u>

59.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 58 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

**<u>ANSWER</u>:  Defendant incorporates by reference its answers to each allegation contained in paragraphs 1 through 58 as if fully set forth herein.**

60.     That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

**<u>ANSWER</u>:  Defendant neither admits nor denies the allegation in paragraph 60 because it states a legal conclusion to which no response is required and because the cited statute speaks for itself.  To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

61.     That as such, the FMLA entitles eligible employees to take up to twelve weeks of leave during a twelve month period if the employee has a serious health condition that prevents the employee from performing the functions of her job. 29 U.S.C. § 2612(a)(1)(D); *Hunter v. Valley View Local Schs.,* 579 F.3d 688, 690 (6th Cir. 2009).

**ANSWER:  Defendant neither admits nor denies the allegation in paragraph 61 because it states a legal conclusion to which no response is required and because the cited sources of law speak for themselves. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

62.    That the FMLA prohibits an employer from discriminating or retaliating against an employee for having exercised or attempted to exercise FMLA rights. 29 C.F.R. § 825.220(c); 29 U.S.C. § 2615(a)(1)-(2).

**ANSWER:  Defendant neither admits nor denies the allegation in paragraph 62 because it states a legal conclusion to which no response is required and because the cited sources of law speak for themselves. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

63.    That at all times material hereto, Defendant was and is a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

**ANSWER:  Defendant neither admits nor denies the allegations of paragraph 63 because they state a legal conclusion to which no response is required and because the cited source of law speaks for itself. To the extent a response is required, Defendant admits only that Plaintiff was formerly employed by Defendant.**

64.    That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations and was otherwise entitled to take FMLA leave. 29 C.F.R. § 825.110.

18

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 64 because they state legal conclusions to which no response is required and the cited legal authority speaks for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

65.    That at all times material hereto, Plaintiff suffered from a "serious medical condition" as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.113; 29 C.F.R. § 825.115.

**ANSWER:  Defendant neither admits nor denies the unduly vague allegations in paragraph 65 because they state a legal conclusion to which no response is required and because the cited sources of law speak for themselves. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

66.    That Plaintiff engaged in activity protected by the FMLA by requesting and taking FMLA-qualifying leave. *See Bryant v. Dollar General Corp.,* 538 F.3d 394 (6th Cir. 2008).

**ANSWER:  Defendant neither admits nor denies the unduly vague allegations in paragraph 66 because they state a legal conclusion to which no response is required and Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

67.    That Defendant took materially adverse employment action against Plaintiff, including, but not limited to, terminating Plaintiffs employment.

**ANSWER:   Defendant neither admits nor denies whether "terminating Plaintiff's employment" or the other unidentified alleged actions alluded to in paragraph 67 constitute "materially adverse employment actions" because said allegations state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that it terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory business reasons.**

68.    That a causal connection exists between Plaintiff's protected activity and the adverse employment action.

**ANSWER:  Defendant denies the allegations in paragraph 68.**

69.    That the adverse employment action taken by Defendant would not have occurred in the absence of Plaintiffs protected activity.

**ANSWER:  Defendant denies the allegations in paragraph 69.**

70.    That the adverse action taken by Defendant resulted from Plaintiffs protected activity.

**ANSWER:  Defendant denies the allegations in paragraph 70.**

71.    That Defendant's proffered reasons for the adverse employment action are pretextual in nature.

**ANSWER:  Defendant denies the allegations in paragraph 71.**

72.     That Defendant's proffered reasons for the adverse employment action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to justify the decision.

**ANSWER:  Defendant denies the allegations in paragraph 72.**

73.     That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

**ANSWER:  Defendant denies the allegations in paragraph 73.**

74.     That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages, directly and proximately caused by Defendant's unlawful actions:

a.  Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

b.  The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

c.  An additional amount as liquidated damages equal to the above two (2) sums;

d.  Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

e.  Any such equitable relief as may be appropriate.

**ANSWER:  Defendant admits only that Plaintiff "makes a claim" for various types of monetary and equitable remedies, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

75.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 58 of her Common Allegations and paragraphs 59 through 74 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

**ANSWER:  Defendant incorporates by reference its answers to each allegation contained in paragraphs 1 through 74 as if fully set forth herein.**

76.    That the Michigan Persons with Disabilities Civil Rights Act declares that the opportunity to obtain employment without discrimination because of a disability is a civil right. MCL § 37.1102(1).

**ANSWER:  Defendant neither admits nor denies the allegation in paragraph 76 because it states a legal conclusion to which no response is required and because the cited legal authority speaks for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

77.    That at all times material hereto, Plaintiff had a medical condition that satisfied the definition of a "disability" as set forth in the Act. MCL § 37.1103(d).

**ANSWER:  Defendant neither admits nor denies the unduly vague allegations in paragraph 77 because they state a legal conclusion to which no response is required and because the cited source of law speak for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

78.    That at all times material hereto, Plaintiff suffered from a traumatic brain injury ("TBI").

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 78 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

79.    That at all times material hereto, Plaintiff's TBI substantially limited one or more major life activities and was unrelated to Plaintiff's ability to perform the duties of her job. MCL § 37.1103(d)(i)(A).

**ANSWER:  Defendant neither admits nor denies whether Plaintiff's alleged "TBI substantially limited one or more major life activities" because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.  Responding further, Defendant denies that Plaintiff was able to satisfactorily perform her job duties with or without a reasonable accommodation.**

80.    That at all times material hereto, with or without accommodation, Plaintiffs disability did not prevent Plaintiff from performing the duties of her position.

**ANSWER:  Defendant denies that Plaintiff met its legitimate expectations and, thus, denies that she was able to perform the duties of her position with or without accommodation.**

81.    That Defendant discriminated against Plaintiff in one or more of the ways prohibited by the Act.

**ANSWER:  Defendant denies the allegations in paragraph 81.**

82.    That the Act prohibits an employer from discharging or otherwise discriminating against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job. MCL § 37.1202(1)(b).

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 82 because they state legal conclusions to which no response is required and because the cited statute speaks for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

83.    That Defendant discriminated against Plaintiff by discharging her from employment and otherwise discriminated against her on the basis of her disability.

**ANSWER:  Defendant denies the allegations in paragraph 83.**

84.    That Defendant's proffered reasons for the adverse employment action are pretextual in nature.

**ANSWER:  Defendant denies the allegations in paragraph 84.**

85.    That Defendant's proffered reasons for the adverse employment action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to justify the decision.

**ANSWER:  Defendant denies the allegations in paragraph 85.**

86.    That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

**ANSWER:  Defendant denies the allegations in paragraph 86.**

87.    That as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, pay increases, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, employer profit-sharing programs, bonuses, employer contributions, retirement benefits, and any other compensation and fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as result of recovery.

**ANSWER:  Defendant denies the allegations in paragraph 87.**

88.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

**ANSWER:  Defendant denies the allegations in paragraph 88.**

89.     That Plaintiff hereby claims reasonable attorney fees pursuant to MCL § 37.1606.

**ANSWER:  Defendant admits only that Plaintiff "claims reasonable attorney fees" pursuant the aforementioned statute, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

## COUNT III – RACE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

90.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 57 of her Common Allegations, paragraphs 58 through 73 of Count I, and paragraphs 74 through 88 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

**ANSWER:  Defendant incorporates by reference its answers to each allegation contained in paragraph 1 through 88 as if fully set forth herein.**

26

91.     That the Michigan Elliott-Larsen Civil Right Act make it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of race. MCL § 37.2202(1)(a).

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 91 because they state legal conclusions to which no response is required and because the cited statute speaks for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

92.     That at all times material hereto, Defendant was Plaintiff's "employer" as defined by the Act. MCL § 37.2201(a).

**ANSWER:  Defendant neither admits nor denies the allegations of paragraph 92 because they state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff was formerly employed by Defendant.**

93.     That Plaintiff was and is a member of a protected class by virtue of her race, African-American.

**ANSWER:  Defendant neither admits nor denies the allegations in paragraph 93 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

94.     That at all times material hereto, Plaintiff was and is qualified for the position she held.

**ANSWER:  Defendant denies the allegations in paragraph 94.**

95.     That Plaintiff suffered an adverse employment action by virtue of

Defendant's termination of her employment.

**ANSWER:    Defendant neither admits nor denies whether "Plaintiff suffered an adverse employment action by virtue of Defendant's termination of her employment" because said allegation states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that it terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory business reasons.**

96.     That Plaintiff suffered said adverse employment action under

circumstances that give rise to an inference of race discrimination.

**ANSWER:  Defendant denies the allegations in paragraph 96.**

97.     That Defendant treated similarly-situated employees that are outside of

Plaintiffs protected class in a more favorable manner and/or Defendant replaced

Plaintiff with an employee that is outside of her protected class.

**ANSWER:  Defendant denies the allegations in paragraph 97.**

98.     That Defendant's proffered reasons for the adverse employment action

are pretextual in nature.

**ANSWER:  Defendant denies the allegations in paragraph 98.**

99.     That Defendant's proffered reasons for the adverse employment action

are either not based in fact, did not actually motivate the decision, and/or were too

insignificant to justify the decision.

**ANSWER:  Defendant denies the allegations in paragraph 99.**

100.   That Defendant's actions constitute race discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

**ANSWER:  Defendant denies the allegations in paragraph 100.**

101.   That as a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer from economic damages, including, but not limited to, lost wages, back pay, front pay, pay increases, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, employer profit-sharing programs, bonuses, employer contributions, retirement benefits, and any other compensation and fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as result of recovery.

**ANSWER:  Defendant denies the allegations in paragraph 101.**

102.   That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

**ANSWER:  Defendant denies the allegations in paragraph 102.**

103.   That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2801 and MCL § 37.2802.

**ANSWER:  Defendant admits only that Plaintiff "claims the costs of litigation, including reasonable attorney fees and witness fees" pursuant the aforementioned statutes, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

## GENERAL DENIAL

Except as expressly admitted herein, Defendant expressly denies any and all allegations in Plaintiff's Complaint, which require a responsive pleading.

## RESPONSE TO JURY DEMAND

Defendant denies Plaintiff's entitlement to a jury trial because she knowingly and voluntarily waived her right to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant submits the following as its affirmative and other defenses to the allegations contained in Plaintiff's Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

1.   Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

2.      All or part of Plaintiff's claims may be barred by her failure to exhaust her internal and external administrative remedies or file administrative charges, and her failure to otherwise meet the applicable jurisdictional requirements.

3.      All or part of Plaintiff's claims may be barred by the applicable statutory or contractual limitations periods.

4.      All or part of Plaintiff's claims may be barred by the doctrines of equitable, collateral, and/or judicial estoppel.

5.      Plaintiff was not qualified for the position at issue.

6.      Any actions taken by Defendant in connection with Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons that were unrelated to any protected class or activity.

7.      Upon information and belief, Plaintiff's claims for monetary damages or other monetary remedies are barred because she failed to mitigate or to adequately mitigate her damages.

8.      Any claim for relief must be set off or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff.

9.      Plaintiff's claims are barred, in whole or in part, because she is not an otherwise qualified individual with a disability as defined by applicable law, including the PWDCRA.

31

10.     Plaintiff's claims for physical, mental or emotional damages and lost wages, in whole or in part, may be barred by the exclusive remedy provision of the Michigan Worker's Disability Compensation Act, MCL 418.101, *et seq.*

11.     Defendant denies that it has committed or has responsibility for any act that could support the recovery of liquidated or punitive damages; and avers that it acted in good faith and had reasonable grounds for believing its actions were not a violation of law.

12.     To the extent discovery may disclose such information, Plaintiff's Complaint, and each alleged cause of action therein, may be barred in whole or in part by the doctrine of after-acquired evidence, or such doctrine may limit or eliminate Plaintiff's alleged damages, or otherwise preclude her claims.

13.     Plaintiff waived any right to a jury trial of her claims.

Defendant reserves the right to assert additional affirmative or other defenses as they become known through the course of discovery.

## **RELIEF REQUESTED**

Defendant respectfully requests that this Court deny Plaintiff the relief requested, dismiss her Complaint in its entirety with prejudice, and, instead, award Defendant its costs and attorneys' fees in defending this action, plus any other relief, legal or equitable, this Court deems appropriate.

Respectfully submitted by,
JACKSON LEWIS P.C.

By:  /s/Daniel C. Waslawski
Marlo J. Roebuck (P65640)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
roebuckm@jacksonelewis.com
daniel.waslawski@jacksonlewis.com

Dated:  August 22, 2019

---

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of August, he did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

/s/ Daniel C. Waslawski
Daniel C. Waslawski